GARRISON, Judge.
This is an appeal from a judgment of the First City Court dismissing Aetna’s suit against its insured, Percy Saul, to recover the amount of $925.00.
As a result of an October 10, 1978 automobile collision in which Saul was injured when a police car ran a red light, Aetna paid its insured, pursuant to subrogation receipt, $925.00 for property damage to his truck. The damage was appraised at $1,025.00 and Saul had a $100.00 deductible. Saul then sued the City of New Orleans directly. Saul’s attorney states that he sued the City for the $100.00 deductible and Saul’s personal injuries. Saul’s attorney notified Aetna by letter that he had filed suit against the City, but Aetna failed to intervene in the suit to protect its subrogation rights to the $925.00. Additionally, it failed to bring a separate suit against the City for that amount. Saul’s case against the City was settled for $4,273.69.
Aetna then brought the instant action against Saul to collect the $925.00, alleging that the settlement with the City included property damage to the truck already paid by Aetna. At the conclusion of the case, the trial judge dismissed Aetna’s suit.
On appeal Aetna argues that “... the (trial) court erred in finding that appellant’s subrogation right had not been abrogated when Mr. Saul executed the release marked exhibit ‘A’.”[1] We disagree with this specification of error on the ground that the trial judge did not reach this finding, but rather dismissed Aetna’s suit on other grounds.
At trial, Aetna failed to carry its burden of proof. Specifically, it failed to prove that the $4,273.69 City settlement included $925.00 for property damage.
The City settlement was negotiated by Saul’s attorney and an Assistant City Attorney, Ed Harris, and was administered by an outside consulting firm, Crawford & Co., through its employee, W.F. Hinton. At trial, Aetna produced Eileen Barras, the insurance specialist for the City, who brought a copy of the check register. The check register indicated “3423.09” for bodily injury and “850.00” for property damage. Burras admitted, however, that she did not know the terms of the settlement, whether those terms were correctly reflected on the check register, or whether that was a ratio figure arbitrarily imposed by Crawford & Co. for internal administration. She had not spoken to either Hinton or Harris about the settlement or participated in it in any way. In short, Eileen Barras was incapable of testifying as to any of the facts of the settlement based on her own personal knowledge.
In addition, Exhibit “D-2” is plaintiff’s petition filed in Saul’s suit against the City, CDC # 79-7780. Plaintiff’s petition provides as follows:
“VII.
“As a result of the foregoing, petitioner, Percy Saul, sustained severe and painful injuries to his head, neck, back, body and extremities, including, but not limited to an acute strain of the cervical spine; an acute strain of the lumbo-sacral spine, contusion of the left shoulder; contusion of the left chest wall; aggravation of pre-existing arthritic condition; other lumbar and cervical sprains and strains; other sprains and strains; nervous shock and other other injuries to the nerves, nervous system and the psyche and also the aggravation of prior existing conditions;
“VIII.
“As a result of the foregoing, petitioner, Percy Saul, has been caused to suffer severe physical pain and keen mental anguish; he has required extensive medical treatment; he has been caused to be handicapped in all of his activities; he experiences emotional upsets, headaches, *499 backaches, neckaches and other sequelae and has sustained other severe residuals as a result of his injuries which are permanent and may become worse to his damage, itemized as follows:
“1. Past, present and future medical expenses; $ 2,000.00
“2. Past, present and future physical pain and suffering; 25,000.00
"3. Past, present and future mental anguish; 10,000.00
“4. Property damage deductible and depreciation of automohile as a result of the damage to said automobile: 1,000.00
“5. Permanent disability 12.000.00
TOTAL $50,000.00”
(emphasis supplied)
It is apparent to this court that Saul did not sue the City for property damage but only sought recovery for his medicals, pain and suffering, deductible and depreciation. We agree with the holding of the trial judge that the amount received by Saul from the City included only the deductible and personal injuries and that Aetna had no right to recover against Saul.
The trial judge further stated that Aetna allowed its subrogation rights against the City to prescribe by failing to file its own suit or to intervene in Saul’s suit against the City and could not now recover against its own insured. We agree. Aetna had adequate procedural opportunities to assert its claims and failed to do so.
For the reasons discussed the judgment of the district court is affirmed.
AFFIRMED.

. Exhibit A is the release executed by Mr. Saul pursuant to his settlement with the City, dated June 27, 1979.